UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14325-Moore/McCabe

DAVID WILLIAMS,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF REVENUE, et. al.,

    Defendants.

_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court upon Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* ("Motion") (DE 4), which was referred to the undersigned by United States District Judge K. Michael Moore (DE 6). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion (DE 4) be **DENIED** and that Plaintiff's Complaint (DE 1) be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). The Court's decision to grant permission to proceed *in forma pauperis* is discretionary. *Id.* at 1306-07. In determining whether to grant such relief, the Court must be satisfied that the requirement of poverty is established. *Id.* at 1307. In so doing, the Court compares "the applicant's assets and

liabilities in order to determine whether he [or she] has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circ.*, 574 F. App'x 916, 917 (11th Cir. 2014).

In addition, the Court must conduct an initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). As part of this screening, the Court must dismiss the case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In determining whether a complaint states a claim upon which relief may be granted, the Court follows the standards applied under Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Therefore, a complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," along with a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1-2). To make this showing, a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

Although *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), the Court has no duty to "re-write" a plaintiff's complaint to find a claim, *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Thus, when it appears that no construction of the factual allegations will support the cause of action, the Court should order dismissal of the

complaint. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## II. DISCUSSION

The Court finds that this case should be dismissed. First, although the Motion states that Plaintiff is unable to pay the filing fees, it fails to include a description or an affidavit of Plaintiff's assets and liabilities. As such, Plaintiff's Motion is insufficient for the Court to determine if Plaintiff has satisfied the poverty requirement and the Motion should be denied.

Second, the Court has reviewed Plaintiff's filing initiating this civil action ("Complaint") (DE 1). The Complaint consists of 337 pages of miscellaneous documents including medical bills and correspondence with various agencies. This Complaint does not comply with the Federal Rules of Civil Procedure or the Local Rules of the Southern District of Florida, including, among other things:

> (1) a short and plain statement of the grounds for the court's jurisdiction…;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8 (a). As such, the Court must dismiss the case. 28 U.S.C. § 1915(e)(2)(B); *see Riley v. Goodblatt*, No. 609-CV-646-ORL-28GJK, 2009 WL 1531012, at *6 (M.D. Fla. May 29, 2009) (dismissing case where the complaint "fails to comply with the rudimentary requirements set forth in Federal Rule of Civil Procedure 8.").

### III.  RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Application to Proceed *In Forma Pauperis* (DE 4) be **DENIED** and that the case be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 8th day of March 2023.

                                                                                        RYON M. MCCABE
                                                                                        U.S. MAGISTRATE JUDGE

cc:   Plaintiff, *pro se*.