# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.22-cv-14325-KMM

DAVID WILLIAMS,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF REVEUE, *et al.*,

    Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Plaintiff David Williams' ("Plaintiff") Application to Proceed *In Forma Pauperis* ("Application") (ECF No. 4). The Court referred the matter to the Honorable Ryon M. McCabe, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Application be denied, and that Plaintiff's Complaint ("Compl.") (ECF No. 1) be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). ("R&R") (ECF No. 7). Plaintiff did not file objections and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court **ADOPTS** the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's

findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

Pursuant to § 1915(e), the court is permitted to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B). A *pro se* litigant is entitled to the court's liberal construction of the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even under the liberal construction afforded to *pro se* litigants, the complaint must establish a valid cause of action. *See Petersen v. Smith*, 762 F. App'x 585, 593 (11th Cir. 2019). Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, and courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

Section 1915 represents a balance between "facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted." *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990) (citation omitted). Thus, § 1915 provides a court "not only the authority to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Factual allegations that are "fanciful," "fantastic" and "delusional" are considered clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

As set forth in the R&R, Magistrate Judge McCabe finds that the Application should be denied because Plaintiff failed to include a description or an affidavit of Plaintiff's liabilities. R&R at 4. Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004). In determining whether to grant such relief, the Court must be satisfied that the requirement of poverty is established. *Id*. at 1307. The Court compares "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circ.*, 574 F. App'x 916, 917 (11th Cir. 2014). The Court agrees with the R&R's conclusion that Plaintiff's Application is insufficient for the Court to determine if Plaintiff has satisfied the poverty requirement and, accordingly, the Application should be denied.

The R&R also recommends that the Complaint be dismissed because Plaintiff failed to state a viable claim. R&R at 4. Specifically, Magistrate Judge McCabe notes that the Complaint "consists of 337 pages of miscellaneous documents including medical bills and correspondence with various agencies." *Id*. And, the Complaint does not comply with the Federal Rules of Civil Procedure or the Local Rules of the Southern District of Florida because it does not include: (1) a short and plaint statement of the grounds for jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought which may include relief in the alternative or different types of relief. *Id*. The Court agrees with the R&R's recommendation that the Court must dismiss the case.

Accordingly, UPON CONSIDERATION of the Motion, the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE and the Motion to Proceed *In Forma Pauperis* (ECF No. 3) is DENIED AS MOOT. The Clerk of the Court is instructed to CLOSE this case. All pending motions, if any, are denied as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  6th   day of April, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: David Williams
PO Box 1431
Vero Beach, FL 32961
Pro Se

4